# William Miles and Charles W. Holbrook *v.* John Treanor, Mary Treanor, James Treanor and Margaret Rauch, Appellants.

*Will—Issue devisavit vel non—Undue influence—Testamentary capacity.*

The incapacity or undue influence alleged against a will must be operative at the time of the execution of the instrument.

Proponents of a will who have no confidential relation with the testatrix, and are strangers in blood, are not subject to the special duty of affirmatively showing the absence of undue influence.

Argued Jan. 9, 1900. Appeal, No. 162, Jan. T., 1899, by defendants, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1898, No. 246, on verdict for plaintiffs. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Issue devisavit vel non.

At the trial it appeared that on January 21, 1897, Margaret McCaffrey, an unmarried woman about eighty years of age, executed by her mark a paper purporting to be a will. She was at the time boarding with William Miles and his wife, who were the principal beneficiaries under the will. Neither Miles nor his wife were in any way related to testatrix. Defendants alleged undue influence and mental incapacity. The court, in a very lengthy charge, fully submitted the evidence for and against the paper to the jury.

Plaintiffs' first point and the answer thereto were as follows:

A person of full age is presumed to be competent to make a will; and unless the jury believe that Miss McCaffrey was incapable of making a will at the very point of time when she undertook to make the will in question, or that she was mentally under the control of the plaintiff, Miles, or his wife, their verdict should be for the plaintiffs. *Answer:* Affirmed. [1]

Defendants' eighth point and the answer thereto were as follows:

Under the evidence in the case, the plaintiffs or the proponents of the will, being strangers to the testatrix's blood,

are bound to satisfy you that no undue influence was exercised by them, or brought to bear by them upon the testatrix at the time she executed the paper writing purporting to be her last will and testament. *Answer:* Refused. [2]

Verdict and judgment for plaintiffs. Defendants appealed.

*Errors assigned* were (1, 2) above instructions, quoting them; (3) that the charge was inadequate.

*Joseph S. Goodbread,* for appellant, cited Boyd v. Boyd, 66 Pa. 283; Miller's Est., 179 Pa. 645; Cuthbertson's App., 97 Pa. 163; Yardley v. Cuthbertson, 108 Pa. 395; Wilson's App., 99 Pa. 550; Wilson v. Mitchell, 101 Pa. 495; Douglass's Est., 162 Pa. 567; Hoopes's Est., 174 Pa. 373; Caldwell v. Anderson, 104 Pa. 199.

*E. Hunn, Jr.,* for appellee, was not heard.

PER CURIAM, January 29, 1900:

There are but three assignments of error in this case and we do not think that any of them is sustained. The first point of the plaintiff simply declared that the incapacity or undue influence alleged against a will must be operative at the time of the execution of the instrument, and this is certainly the law. There was no affirmative duty resting upon the proponents to establish the negative proposition that there was no undue influence exerted by them upon the testatrix at the time the will was executed. Of course, the question of undue influence was an issue in the case, and it was necessary that the jury should be satisfied by the weight of the evidence before them that the will was not procured by undue influence. There was no confidential relation between the proponents and the testatrix, and they were strangers in blood. They were not subject to the special duty of affirmatively showing the absence of undue influence. We do not regard the charge of the court as inadequate. On the contrary, it was quite full, and correctly and impartially presented the whole case to the jury with proper instructions. The jury found in favor of the will, and that is the end of the disputed questions of fact involved.

Judgment affirmed.